[Cite as *State v. Thompson*, 2011-Ohio-1315.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos.  10CA017 |
| GREGORY THOMPSON | : | 10CA018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas,
Case Nos. 10CR017 and 10CR051



JUDGMENT:                   Affirmed



DATE OF JUDGMENT ENTRY:     March 18, 2010



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

F. CHRISTOPHER OEHL                   MATTHEW PETIT
164 East Jackson Street               116 Cleveland Avenue, North
Millersburg, OH  44654                Suite 808
                                      Canton, OH  44702

*Farmer, J.*

{¶1}   On June 10, 2010, appellant, Gregory Thompson, pled guilty to one count of theft in the fifth degree in violation of R.C. 2913.02, two counts of breaking and entering in the fifth degree in violation of R.C. 2911.13, and one count of attempted breaking and entering in violation of R.C. 2911.13, a misdemeanor in the first degree (Case No. 10CR017).

{¶2}   On June 18, 2010, appellant pled guilty to six additional counts of breaking and entering in the fifth degree in violation of R.C. 2911.13 (Case No. 10CR051).

{¶3}   A sentencing hearing was held on July 20, 2010.  By judgment entry filed same date, the trial court sentenced appellant to an aggregate term of three years in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT COMMITTED ERROR IN SENTENCING THE APPELLANT IN VIOLATION OF *STATE V. FOSTER*, THUS THE SENTENCE IS UNCONSTITUTIONAL."

I

{¶6}   Appellant claims the trial court erred in sentencing him to maximum sentences in violation of *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856.  We disagree.

{¶7}   In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

{¶8} "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶9} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶10} We note although in *Oregon v. Ice* (2009), 555 U.S. 160, the United States Supreme Court upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes, the Supreme Court of Ohio in *State v. Hodge,* --- Ohio St.3d ----, 2010-Ohio-6320, held the *Oregon* case did not revive the *Foster* statutes, and trial courts are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences.

{¶11} By judgment entry filed July 20, 2010, in Case No. 10CR017, the trial court sentenced appellant to twelve months on two separate breaking and entering convictions in the fifth degree, to be served concurrently, and twelve months on the theft conviction in the fifth degree, to be served consecutively to the breaking and entering sentences, and in Case No. 10CR051, twelve months on six separate breaking and entering convictions in the fifth degree, to be served concurrently with each other, but consecutively to the two years imposed in Case No. 10CR017. Felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). Clearly the sentences on each count were within the permissible range.

Furthermore, in its judgment entry, the trial court expressly stated that it considered the purposes and principles of sentencing under R.C. 2929 .11, as well as the seriousness and recidivism factors under R.C. 2929.12.  Accordingly, the sentences are not clearly and convincingly contrary to law.

{¶12}  Appellant pled guilty to eight counts of breaking and entering, one count of theft, and one count of attempted breaking and entering, all involving different businesses and several different dates.

{¶13}  Upon review, we find the aggregate sentence was neither contrary to law nor an abuse of discretion.

{¶14}  The sole assignment of error is denied.

{¶15}  The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 301

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                   :
    Plaintiff-Appellee          :
                                   :
-vs-                                   :         JUDGMENT ENTRY
                                   :
GREGORY THOMPSON                       :
                                   :         CASE NOS.  10CA017
    Defendant-Appellant         :                     10CA018

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia A. Delaney_____

JUDGES